IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

A&N ELECTRIC COOPERATIVE,

    Plaintiff,

v.                                                                       Case No. 2:23cv_____

DIETZEL ENTERPRISES, INC.
**Serve: Andrew J. Dietzel, Registered Agent**
       **15825 Patrick Ave.**
       **Omaha, NE 68116**

and

ALLSTATE TOWER, INC.
**Serve: Corporation Service Company, Registered Agent**
       **100 Shockoe Slip Fl 2**
       **Richmond, VA 23219,**

    Defendants.

## COMPLAINT FOR INDEMNITY PURSUANT TO THE VIRGINIA OVERHEAD HIGH VOLTAGE LINE SAFETY ACT

Plaintiff A&N Electric Cooperative ("A&N"), in whose name Federated Rural Electric Management Corp. ("Federated") brings this case pursuant to Section 38.2-207 of the Code of Virginia ("Code"), by counsel, states the following for its Complaint against Dietzel Enterprises, Inc. ("Dietzel") and Allstate Tower, Inc. ("Allstate") pursuant to the Virginia Overhead High Voltage Line Safety Act, Code Section 59.1-406 et seq. ("OHVLSA"):

**PARTIES**

1. Federated at all times relevant hereto insured A&N and is a Kansas nonstock corporation with its principal place of business in Shawnee, Kansas. Pursuant to Code Section 38.2-207, it brings this action in the name of its insured, A&N, to whose right to indemnification pursuant to the OHVLSA it is subrogated.

2. A&N is a Virginia nonstock corporation with its principal place of business in Tasley, Virginia.

3. Dietzel is a Nebraska corporation with its principal place of business in Omaha, Nebraska.

4. Allstate is a Kentucky corporation with its principal place of business in Henderson, Kentucky.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant 28 U.S.C. § 1332(a)(1) because this matter is between citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the underlying event for which A&N seeks indemnity occurred in Accomack County, which is within this judicial district.

## FACTS

*Kelvin Finck's Electrocution*

7. Kelvin Finck ("Finck") was electrocuted when he walked a steel cable into an overhead high voltage power line while working in the Town of Accomac in Accomack County on April 22, 2019 ("Incident").

8. A&N was the owner and operator of the overhead high voltage power line that Finck contacted.

9. Federated insured A&N for the Incident.

10. Finck was pronounced dead on April 26, 2019.

11. Finck was working for a Dietzel drilling crew that was drilling a hole for a foundation for a communications tower guy wire at the time of the Incident.

12. The work was part of a project for which Accomack County had hired Allstate as general contractor to perform work on the tower.

13. Allstate subcontracted with Dietzel to drill the foundations for the tower's guy wires.

*Fink's Estate's Wrongful Death Suit*

14. Finck's Estate, by its Administrator Michael Carey, filed suit against A&N, Allstate, Dietzel, and Morris & Ritchie Associates, Inc. ("MRA"), an engineer on the project, for wrongful death in the Circuit Court for the County of Accomack ("Underlying Suit"). A copy of the Complaint in the Underlying Suit is attached hereto as Exhibit A.

15. Deitzel was dismissed from the Underlying Suit due to the exclusivity provision of the Virginia Worker's Compensation Act (Va. Code § 65.2-307).

16. Allstate settled with the Estate prior to trial, which settlement was subsequently approved by the Circuit Court of Accomack County after trial on June 13, 2023.

17. Trial against A&N and MRA began on May 8, 2023.

18. On May 11, prior to closing argument, Finck's Estate settled with A&N for $800,000, which settlement was approved by the Circuit Court of Accomack County on June 13, 2023 and which amount Federated paid in its entirety as A&N's insurer. A copy of the Order (without that Order's attachments) approving the A&N and Allstate settlements is attached hereto as Exhibit B.

19. Pursuant to the terms of that Order, Federated, as A&N's liability insurer, was to pay all of the $800,000 settlement on behalf of A&N, which it did.

20. A&N's settlement of the Underlying Litigation with the Estate was reasonable considering, among other things, the judgment amount against A&N that Finck's estate sought at

trial, the trial court's rulings preceding and during the trial, the evidence presented at trial, the size of a possible judgment that could have been rendered against A&N in the Underlying Litigation, and the uncertainty and cost of the appeal of any ruling adverse to A&N.

21. Federated paid the entire amount of the $800,000 settlement as ordered pursuant to the terms and conditions of its policy of insurance with A&N.

22. A&N incurred attorney's fees and recoverable litigation costs in the Underlying Litigation, all of which Federated paid pursuant to the terms and conditions of its policy of insurance with A&N.

23. A&N's attorney's fees and recoverable litigation costs in the Underlying Litigation were reasonable.

24. By its applicable contract of insurance with A&N, Federated is subrogated to the rights of A&N to seek indemnity against Dietzel and Allstate pursuant to the OHVLSA.

25. Federated, as subrogee of A&N's right to indemnity under the OHVLSA, is a real party in interest and now seeks indemnity in A&N's name against Dietzel and Allstate for that settlement and all of A&N's attorneys' fees and costs in defending the Underlying Litigation which Federated paid, all pursuant to the OHVLSA.

*Applicability of the OHVLSA and A&N's Prior Demand Pursuant to It*

26. The Incident involved Finck walking a steel cable into an electric power line.

27. The line that Finck contacted was a 13kV overhead power line. It was therefore an overhead high voltage power line to which the OHVLSA applies.

28. The line that Finck contacted did not serve the communications tower on which Finck, his crew, and Allstate were working.

29. The line contacted was not part of the communications tower.

30. There was no work being performed on any overhead power line serving the communications tower or any supporting equipment of any such overhead power line.

31. The Incident therefore did not involve "electrical or communication circuits or conductors and their supporting structures and associated equipment of . . . (iii) [any] communication systems," so the exemption of Code Section 59.1-413 does not apply.

32. The OHVLSA prohibits work within 10 feet of overhead high voltage power lines unless temporary safety arrangements have been negotiated and undertaken pursuant to Code Section 59.1-410. Va. Code § 59.1-410.

33. The provisions of Code Section 59.1-410 were not followed prior to the Incident. There were no temporary safety arrangements negotiated with A&N for work within ten feet of overhead high voltage lines.

34. Indeed, A&N did not even have notice pursuant to Code Section 59.1-411 that work would occur within ten feet of an overhead high voltage power line.

35. No employee or representative of either Dietzel or Allstate provided notice to A&N pursuant to Code Section 59.1-411 that work would occur within ten feet of an overhead high voltage power line.

36. Temporary safety arrangements therefore did not occur pursuant to Code Section 59.1-410.

37. The work performed by Dietzel at the direction of Allstate within ten feet of the overhead high voltage power line therefore violated the OHVLSA.

38. Va. Code § 59.1-414(B) states that "any person responsible for the work who violates the requirements of 59.1-408" i.e., works within 10 feet of an energized overhead high voltage power lines without having followed the temporary safety provisions of Va. Code § 59.1-

410, "and whose subsequent activities with the vicinity of overhead high voltage lines . . . cause injury or damage to any person or property shall indemnify the owner or operator of such overhead high voltage lines against all claims arising from personal injury or death . . . together with attorneys' fees and other costs incurred in defending any such claims directly resulting from in violation of § 59.1-408." Va. Code § 59.1-414(B).

39. Dietzel as Finck's employer supervised and directed Finck's actions and work at the time of the Incident. It was therefore a person responsible for the work pursuant to Code Section 591.-414(B).

40. Allstate as the general contractor for the project was also responsible for the work Dietzel and its employee Finck were performing at the time of the Incident. It employed Dietzel as a subcontractor and supervised and directed Dietzel's, and therefore its employee Finck's, actions and work, including the work at the time of the Incident. It therefore was a person responsible for the work pursuant to Va. Code § 591.-414(B).

41. Dietzel and Allstate are therefore both obligated to indemnify A&N against its $800,000 settlement of the Underlying Litigation, together with A&N's attorneys' fees and other costs pursuant to the OHVLSA.

42. A&N notified Allstate and Dietzel by letter dated April 27, 2023, a copy of which is attached hereto as Exhibit C, that "both [are] obligated to indemnify A&N against any verdict, judgment, or settlement in the [Underlying] Litigation, together with attorneys' fees and other costs," pursuant to the OHVLSA.

43. Now that the Underlying Litigation has concluded as to A&N, Federated, as subrogee of A&N, seeks payment from Dietzel and Allstate for the settlement it paid Finck's

6

Estate on A&N's behalf and A&N's attorneys' fees and costs in defending the Underlying Litigation.

## COUNT I: INDEMNITY PURSUANT TO THE OHVLSA

44. A&N restates paragraphs 1–43 above as if fully restated herein.

45. Finck's death for which his Estate sued for wrongful death resulted from his working within ten feet of an overhead high voltage line without temporary safety arrangements pursuant to Code Section 59.1-410.

46. Both Dietzel and Allstate were persons responsible for the work Finck was performing at the time of the Incident.

47. Finck's injury was subsequent to Dietzel and Allstate's violation of Code Section 59.1-408 by working within ten feet of an energized overhead high voltage line. Finck walked a cable into an energized overhead high voltage line and therefore worked within ten feet of it.

48. Because that work occurred without temporary safety arrangements being negotiated pursuant to Code Section 59.1-410, it violated the OHVLSA.

49. A&N was the owner and operator of the overhead high voltage power line that Finck contacted in the Incident.

50. Dietzel and Allstate are therefore required to indemnify A&N for its $800,000 settlement with Finck's Estate and all A&N's attorneys' fees and costs incurred in defending the Underlying Litigation pursuant to Code Section 59.1-414(B).

51. Federated, which insured A&N and paid the $800,000 settlement on behalf of A&N to Finck's Estate and all A&N's attorneys' fees and other recoverable costs in defending the Underlying Litigation, is subrogated to A&N's right to indemnification pursuant to the OHVLSA against Dietzel and Allstate.

## JURY DEMAND

52. Pursuant to Federal Rule of Civil Procedure 38(b), Federated in A&N's name hereby demands a trial by jury on all issues so triable.

WHEREFORE, for the foregoing reasons, Plaintiff, by counsel, respectfully requests that this Court award it judgment in its favor in the full amount of its $800,000 settlement of the Underlying Litigation with the Estate of Kelvin Finck, plus its attorneys' fees and costs in defending the Underlying Litigation, with pre- and post-judgment interest at the legal rate; award it its costs in this matter; and, grant any other and further relief that the Court may deem just and proper.

A&N ELECTRIC COOPERATIVE

/s/__Gibson S. Wright_____
Lauren E. Hutcheson (VSB No. 44020)
Gibson S. Wright (VSB No. 84632)
Attorneys for Plaintiff
McCandlish Holton, PC
P.O. Box 796
Richmond, Virginia 23218
(804) 775-3100 (Telephone)
(804) 775-3800 (Facsimile)
lhutcheson@lawmh.com
gwright@lawmh.com